IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BARRY W. H.,**[1]

    **Plaintiff,**

v.

    Civil Action 2:21-cv-5426
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Barry W. H., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security disability insurance benefits. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 8), the Commissioner's Memorandum in Opposition (ECF No. 9), Plaintiff's Reply (ECF No. 10), and the administrative record (ECF No. 5). For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's nondisability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

1

I. BACKGROUND

Plaintiff protectively filed his application for benefits on April 1, 2019, alleging that he has been disabled since January 1, 2019, due to a back injury in 2012 (pain 9-10; 90+% of the time), depression, ulnar nerve issues, and carpal tunnel syndrome.  (R. at 155-56, 175.) Plaintiff's application was denied initially in July 2019 and upon reconsideration in November 2019.  (R. at 58-90, 93-101.)  Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ").  (R. at 102-18.)  ALJ Irma J. Flottman held a telephone hearing on December 7, 2020, at which Plaintiff, who was represented by counsel, appeared and testified.  (R. at 33-57.) A vocational expert ("VE") also appeared and testified.  (*Id.*)  On January 6, 2021, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. at 12-32.)   The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision.  (R. at 1-6.)

II. RELEVANT RECORD EVIDENCE

Because of the narrow legal issue presented by Plaintiff's sole statement of error, it is not necessary to provide a detailed review of either the medical evidence or Plaintiff's testimony. The relevant portions of the VE's testimony are set forth as necessary below.

III. ADMINISTRATIVE DECISION

On January 6, 2021, the ALJ issued her decision.  (R. at 12-32.)  The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act on March 31, 2024.  (R.

at 17.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 1, 2019, the alleged onset date. (*Id.*) The ALJ found that Plaintiff has the following severe impairments: cervical and lumbar degenerative disc disease and post-laminectomy syndrome. (*Id.*) The ALJ further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 20.)

Before proceeding to Step Four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the [ALJ] finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except no climbing ladders, ropes and scaffolds; occasionally crawl and climb ramps and stairs; frequently stoop, kneel and crouch; occasional exposure to unprotected heights.

(R. at 21.)

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

At step four of the sequential process, the ALJ determined that Plaintiff is capable of performing his past relevant work as a sales representative. In the ALJ's view, this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (R. at 27.) The ALJ therefore concluded that Plaintiff has not been disabled since January 1, 2019. (R. at 27-28.)

IV. **STANDARD OF REVIEW**

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley*

*v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices [Plaintiff] on the merits or deprives [Plaintiff] of a substantial right.'"  *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**V.  ANALYSIS**

Plaintiff's claimed error is directed to the ALJ's determination that Plaintiff can perform his past relevant work as a sales representative as it is generally performed in the national economy.  Accordingly, the ALJ's discussion of Plaintiff's past relevant work is the appropriate starting point.  As pertinent here, the ALJ found that Plaintiff had past relevant work as a Sales Representative with JD Equipment (John Deere), DOT 272.357-014, SVP 5, with a light exertional level per the DOT but a medium exertional level as actually performed by Plaintiff.  (R. at 27.)  At Step Four, the ALJ concluded that Plaintiff is capable of performing this past relevant work as generally performed.  In reaching this conclusion, the ALJ stated:

> … the vocational expert testified that the residual functional capacity limitations do not rule out the claimant's past relevant work as a Sales representative as regularly performed, with the claimant unable to perform this work as actually performed.
>
> Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles (DOT), with issues not addressed in the DOT supported by the vocational expert's education, training, and professional experience.

(R. at 27.)

As Plaintiff frames his claim of error, "[t]he issue before the Court is whether the ALJ's

5

finding that Plaintiff retains the RFC to perform his past relevant work as a sales representative as generally performed is supported by substantial evidence." (ECF No. 8 at 8.) As the Commissioner frames it, "[t]he issue in this litigation is only whether Plaintiff could perform this position as it is generally performed in the national economy." (ECF No. 9 at 6.) To be clear, the parties agree that Plaintiff could not perform his past relevant work as a sales representative for John Deere as he *actually* performed it. This is so based on Plaintiff's testimony that he performed the sales representative job at the medium exertional level, sometimes placing items weighing up to 50 pounds in customers' cars. (R. at 42.)

In her direct testimony, the VE testified that the sales representative position is generally performed at the light exertional level. (R. at 53.) When asked by the ALJ whether the Plaintiff could perform this past work given the limitations that were in the RFC, the VE testified that "[t]he job of sales representative could be performed as generally performed, but not as actually performed." (R. at 54.) At that stage of questioning, the ALJ also asked the VE whether her testimony was consistent with the Dictionary of Occupational Titles. The VE testified, "Yes. And based on my education, experience, and knowledge." (R. at 55.)

On cross-examination, however, the following exchange took place between the VE and Plaintiff's counsel:

> BY THE ATTORNEY:
>
> Q Ms. O'Brien, if we go back to the claimant's position – the sales representative position, he described doing it at medium, you indicated, and the DOT indicates it's generally performed at light. What about his job made it medium, as compared to the way it's generally performed?
>
> A Well, based on my experience, because the claimant testified that he

6

>was [selling] lawn and garden equipment, even though that is the description in the DOT, the type of equipment he was selling, I do – in my – it is my opinion it's generally performed at the medium exertional level. He was not just selling lawn mowers, but electric lawn mowers; you know, weed whacks. Those types of things. Did I answer your question?
>
>Q  Right. So just to clarify, the type of sales that he did, in your opinion, is generally performed at the medium level, like he did?
>
>A  Correct.
>
>Q  Okay. All right, that's clarified, I guess.

(R. at 55-56.)

In Plaintiff's view, the ALJ's decision is not supported by substantial evidence because the ALJ failed to resolve the conflict between the VE's revised testimony on cross-examination and the information in the DOT. According to Plaintiff, although the ALJ made the required inquiry at the conclusion of her direct examination, the ALJ failed to inquire whether the additional testimony elicited from the VE on cross-examination conflicted with the DOT. As a result of this later failure in the face of an apparent conflict, Plaintiff argues that the ALJ did not fulfill her obligations under SSR 00-4p and remand is required.

The Commissioner acknowledges that the interpretation of the VE's testimony on cross-examination is "[a]t the crux of this litigation." (ECF No. 9 at 8.) Further, the Commissioner concedes that, if interpreted "literally," the VE testified in an "internally inconsistent manner." (*Id*. at 9.) Nevertheless, the Commissioner urges the Court to sidestep a literal reading and "employ just a little bit of common sense" to appreciate that the VE "simply misspoke." (*Id*.) The Commissioner offers various arguments as to why, when viewed in the appropriate context, it is clear that the VE misspoke  At best, the Commissioner's arguments are unavailing.

7

Social Security Ruling 00-4p clarifies, *inter alia,* SSA's standards for use of VEs who provide evidence before ALJs.  The Ruling provides in relevant part:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between the VE of VS evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled.  At the hearings level, as part of the [ALJ's] duty to develop the record, the [ALJ] will inquire, on the record, as to whether or not there is such consistency.

SSR 00-4p; *see also Vega v. Comm'r of Soc. Sec.*, No. 1:20-CV-01934-JRA, 2021 WL 6012038, at *6–7 (N.D. Ohio Dec. 3, 2021), *report and recommendation adopted,* No. 1:20CV1934, 2021 WL 6000037 (N.D. Ohio Dec. 20, 2021) (citing SSR 00-4p and noting that "[t]he ALJ must explain how she resolved the conflict regardless of how the conflict was identified.  An ALJ's duty to resolve a conflict between the VE testimony and the DOT arises when the conflict is apparent to the ALJ."); *Hamilton v. Comm'r of Soc. Sec.*, No. 20-CV-11033, 2021 WL 1520007, at *7 (E.D. Mich. Mar. 31, 2021), *report and recommendation adopted,* No. 20-CV-11033, 2021 WL 1517933 (E.D. Mich. Apr. 16, 2021) (citing *Lindsley v. Comm'r of Soc Sec.*, 560 F.3d 601, 603 (6th Cir. 2009) "The ALJ has an affirmative duty, under SSR 00-4p, to ask the VE about any possible conflicts between the VE's testimony and the information as stated in the DOT"). Neither the DOT nor the VE evidence "automatically 'trumps' when there is a conflict [thus,] the adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than the DOT information." *Hamilton, at *7* (citing SSR 004-9p).  Once the ALJ obtains a reasonable explanation from the VE, the ALJ is not required to further "conduct an independent investigation" to determine if the VE or other witness is correct.  *Id*. (citing *Lindsley,* at 606).

8

After listening to the testimony outlined above, the ALJ did not ask any questions of the VE to explain the apparent conflict between her testimony on cross-examination and the DOT. Nevertheless, the ALJ held pursuant to SSR 00-4p that the VE testimony was consistent with the DOT and that Plaintiff could perform his past relevant work as a sales representative. (R. at 27.) And, she did so without ever acknowledging or addressing the apparent conflict raised by the VE's testimony on cross-examination.

The ALJ's failure to address this apparent conflict through further questioning of the VE at the hearing, and subsequent failure to explain her basis for concluding there was no conflict between the VE testimony and the DOT, are contrary to her obligations under SSR 00-4p. Because the ALJ failed to comply with SSR 00-4p, remand on this basis is warranted. *See Rand v. Comm'r of Soc. Sec.,* No. CV 20-12173, 2021 WL 4450014, at *5 (E.D. Mich. June 7, 2021), *report and recommendation adopted,* No. 20-CV-12173, 2021 WL 4440465 (E.D. Mich. Sept. 28, 2021) (… "if it is unclear whether the VE testimony and DOT actually conflict, but there is sufficient argument that a potential or apparent conflict may exist, remand for the ALJ to explore and resolve the potential or apparent conflict is needed"); *Simpson v. Comm'r of Soc. Sec.*, 2019 WL 1255427, at *8 (E.D. Mich. Mar. 19, 2019) (where the ALJ failed to inquire of the VE as to a "potential, if not apparent, conflict" between the VE's testimony and the DOT's description, the case should be remanded for the ALJ to make the appropriate inquiry); *Pauquette v. Saul*, 2019 WL 5872486, at *7 (M.D. Tenn. Aug. 15, 2019) ("Because [plaintiff] is entitled to a reasonable explanation regarding the apparent conflicts between the DOT and the VE's

testimony . . . the ALJ's conclusions based on the VE's testimony are not supported by substantial evidence [so] reversal and remand are appropriate.").

Faced with this circumstance, the Commissioner requests that the Court "make one small assumption – that the VE misspoke, and substituted the term 'generally' where she meant 'actually.'" (ECF No. 9 at 12-13.) The Court declines this invitation. It is well-settled that it is not the Court's job, to "weigh evidence, assess credibility, or resolve conflicts in testimony— that's the ALJ's job." *Overstreet v. Comm'r of Soc. Sec.,* No. 1:20-CV-00645, 2021 WL 4145167, at *2 (N.D. Ohio Sept. 13, 2021) (citing *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 588 (6th Cir. 2019) (unpublished)); *see also Lafferty v. Comm'r of Soc. Sec.,* No. 7:20-CV-00146-GFVT, 2022 WL 697973, at *2 (E.D. Ky. Mar. 8, 2022) (a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations) (citing *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012)). Of course, the Undersigned recognizes that it may be, as the Commissioner insists, that the VE simply unintentionally confused her words in her responses to both the initial and clarifying questions at issue here. Regardless, a remand for further proceedings is required under the circumstances even if any conflict ultimately is satisfactorily resolved.

The Commissioner's additional arguments are also without merit. For example, the Commissioner contends that the ALJ may rely on VE testimony even it is inconsistent with the DOT. The Commissioner is of course correct that neither the DOT nor the VE evidence "automatically 'trumps'" when there is a conflict. Equally clear, however, is that the ALJ is still required to resolve any conflict. *Hamilton, at *7.* She did not do so here. The Commissioner

10

also asserts that the Court can rely on the DOT job description alone. Again, as discussed, the Court may not conduct a *de novo* review. *Ulman,* 693 F.3d at 713.

Finally, the Commissioner argues that Plaintiff has waived the ability to raise his present challenge. The Undersigned disagrees. Certainly, as the Commissioner's cited authority confirms, the failure to object or failure to cross-examine precludes an issue from being raised later. But that is not what happened here because Plaintiff's counsel did challenge the VE's direct testimony at the hearing. Specifically, Plaintiff's counsel cross-examined the VE, the VE offered testimony inconsistent with her direct testimony, and, when asked to clarify, the VE confirmed her cross-examination testimony. In the end, however, the results of this challenge went unaddressed by the ALJ and, therefore, SSR 00-04p requires a remand. *Adams v. Comm'r of Soc. Sec.*, No. 1:19-CV-01310, 2020 WL 5849353, at *3 (N.D. Ohio Sept. 30, 2020) (citing *Townsend v. Comm'r of Soc. Sec.*, No. 1:17-CV-2218, 2018 WL 5808745, at *1 (N.D. Ohio Nov. 6, 2018) and explaining that *Townsend* holds that when the VE's testimony is challenged at the hearing, SSR 00-04p requires a remand where the ALJ failed to adequately explain how he resolved any conflict between the VE's testimony and the DOT and when this error was not harmless). Thus, the authority relied upon by the Commissioner is inapposite and does not support a finding of waiver under the circumstances.

In sum, in failing to acknowledge or address the VE's cross-examination testimony, the ALJ did not fulfill her duty to develop the record as required by SSR 00-4p. Accordingly, the ALJ's decision is not supported by substantial evidence and remand is required. As explained in detail above, it is not clear from the record that the ALJ fulfilled her "affirmative duty" to ask

11

about and address potential conflicts between (1) the VE's cross-examination testimony that Plaintiff's past relevant work as a sales representative is generally performed at the medium exertional level and (2) the provision of the DOT that it is generally performed at the light exertional level (DOT 272.357-014). The ALJ concluded, and there is no dispute, that Plaintiff cannot perform his past relevant work as a sales representative at a medium exertional level. Accordingly, the ALJ's failure to clearly discharge her duty of inquiry and analysis here cannot be said to be harmless. Rather, "a potential conflict actually exists [between the VE's cross-examination testimony and the relevant provision of the DOT], thereby undermining the reliability of the VE's testimony and the ALJ's ability to rely upon it." *Simpson*, 2019 WL 1255427, at *8 (citing *Goulette v. Comm'r of Soc. Sec.*, 2013 WL 2371695, at * 11 (E.D. Mich. May 30, 2013) (adopting report and recommendation that surveyed cases within the Sixth Circuit addressing the harmless error test to be applied to a failure to satisfy SSR 00-4p)).

## VI. CONCLUSION

For these reasons, it is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** under Sentence Four of § 405(g).

## VII. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report an\d Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:   August 22, 2022                                   /s/ *Elizabeth A. Preston Deavers*
                                                                        Elizabeth A. Preston Deavers
                                                                        United States Magistrate Judge